

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| BOB L. MOORE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:09-CV-0177 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| Director Texas Dep't of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO
## DISMISS PETITION FOR WRIT OF HABEAS CORPUS

Petitioner has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. section 2254 in which he challenges the result of an August 12, 2008 prison disciplinary proceeding. Petitioner is presently incarcerated at the Clements Unit pursuant to a 2002 conviction for the offense of attempted sexual assault of a child out of Jefferson County, Texas, and the resultant ninety-nine-year sentence. As a result of disciplinary proceeding number 20080338398, petitioner was found guilty of trafficking and trade. Petitioner lost thirty days of good-time credit, forfeited $170.00, and suffered forty-five days of restriction and a reduction in line class. For the reasons hereinafter expressed, the undersigned United States Magistrate Judge if of the opinion petitioner's application for federal habeas corpus relief fails to present a cognizable ground for relief and should be DISMISSED.

I.
PETITIONER'S ALLEGATIONS

Petitioner appears to allege:

1. The Texas Department of Criminal Justice (TDCJ) unlawfully seized $170.00 (presumably from petitioner's inmate trust account).

2. The Disciplinary Hearing Officer who presided over petitioner's disciplinary hearing finds in favor of prisoners only three percent of the time.

3. Because he did not steal or destroy any state property, petitioner should not have to reimburse the TDCJ. The forfeiture should be considered a form of punishment, which is contrary to the holding at Step 2 of the grievance procedure in which the TDCJ said that forfeiture of money is not considered as part of the punishment.

4. The money in petitioner's inmate trust account was from an outside party and was improperly seized by the TDCJ.

II.
CLAIMS NOT COGNIZABLE ON HABEAS CORPUS REVIEW

A petitioner presents a cognizable federal habeas corpus claim only if he alleges he has been deprived of some right secured to him by the United States Constitution or the laws of the United States. *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000). Further, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez,* 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). A state prisoner challenging the conditions of his prison life should bring a section 1983 challenge because a habeas corpus suit is proper only for challenges to the fact or length of his custody. *Id.* at 499.

In this case, petitioner never contends that his constitutional rights have been violated. In his first, third, and fourth arguments, petitioner complains the TDCJ's seizure of funds from his account was improper, unjustified, and unlawful, but he never claims that the seizure violated any of his constitutional rights. In fact, it appears that what he really seeks is reimbursement of the money.[1] Such relief is not properly given through a habeas corpus suit. *See id.* at 475. Petitioner's second allegation is simply that the hearings officer finds against prisoners in most disciplinary cases. Assuming this is true, petitioner never asserts any due process or other constitutional violation that he, personally, suffered, at the hands of the hearings officer.

Petitioner does not challenge the fact or duration of his confinement, nor does he seek a finding by this Court that would entitle him to a speedier release from prison. *See id.* Therefore, even if he had based these claims on a violation of constitutional law, they remain uncongnizable in a federal habeas corpus action. As petitioner's claims are not cognizable in a federal habeas corpus action the petition should be dismissed.

### III.
### RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the application for a writ of habeas corpus filed by petitioner BOB L. MOORE be DISMISSED.

---

[1] The Court notes that inmates are not required to open an inmate trust account, and when they do open such an account, they agree to be bound by TDCJ policies. *Hatfield v. Scott*, 306 F.3d 223, 224 (5th Cir. 2002). "These policies include *the forfeiture and disposition* of the contents of such accounts. They agency may decide what funds will be deposited, *what funds may be withdrawn* and to whom these funds may be paid." TDCJ Offender Orientation Handbook, Section VI(L), pg. 45 (Nov. 2004) (emphasis added).

IV.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 14th day of September, 2009.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

**\* NOTICE OF RIGHT TO OBJECT \***

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).